IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JERRY BEALE, JR.                                                                     PETITIONER

V.                                                          CIVIL ACTION NO. 3:24-CV-109-SA-JMV

BRAND HUFFMAN                                                                     RESPONDENT

MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* petition of Jerry Beale, Jr. for a writ of

habeas corpus under 28 U.S.C. § 2254.  Respondent has moved to dismiss for failure to exhaust

available state court remedies.  In response, Petitioner requests a stay and abeyance of these

proceedings.[1]  For the reasons set forth below, the instant mixed petition will be dismissed without

prejudice for failure to exhaust state court remedies.

Procedural Posture

Petitioner Jerry Beale, Jr., is currently in the custody of the Mississippi Department of

Corrections and housed at the Mississippi State Penitentiary located in Parchman, Mississippi.

Doc. # 1.  Following a jury trial on February 24-26, 2020, Beale was convicted on two counts of

attempted first degree murder of police officers.  Doc. # 23-1.  On May 14, 2020, the DeSoto

County Circuit Court entered a Sentencing Order sentencing Beale to serve concurrent thirty-five

(35) years sentences on each count, followed by a five-year term of post-release supervision.  Doc.

# 23-2.

Through counsel, Beale appealed his convictions and sentences, raising the following

three issues for review (as set forth in his appellant brief):

I. The indictment is defective for failure to allege what act Beale committed in
furtherance of his attempt to kill the officers;

---

[1] The Court is mindful that neither of these motions is ripe *per se*, but believes that urgency dictates a ruling as soon
as possible.

II. The jury instructions constructively amended the indictment, requiring the jury find that Beale shot at the officers in his attempt to kill, an element not contained in the indictment; and

III. The trial court erred when it allowed the State to introduce hearsay testimony through Officer Colin Hall which went to prove Beale's intent to kill the officers.

Doc. # 22-8 at 1-20.  The Mississippi Court of Appeals affirmed Beale's convictions and sentences in an opinion entered April 26, 2022.  *Beale v. State*, 361 So. 3d 673 (Miss. Ct. App. 2022); *see also* Doc. # 23-3.

Beale, again through counsel, subsequently moved for rehearing of the state appellate court's decision, asserting only the following two claims (as set forth Beale's motion):

I. The indictment lacked an essential element and was defective; and

II. The jury instructions constructively amended the indictment.

Doc. # 22-8 at 80-86.  On August 9, 2022, the Mississippi Court of Appeals denied Beale's motion for rehearing.  Doc. # 22-9 at 11.

Beale, represented by counsel, then filed a petition for certiorari review in the Mississippi Supreme Court, advancing only the same two arguments previously raised in his motion for rehearing.  *See* Doc. # 22-10 at 39-44; *see also* Doc. # 23-4.  The Mississippi Supreme Court granted certiorari review "because one of the issues raised by Beale had never been addressed by th[e] [c]ourt." *Beale v. State*, 367 So. 3d 159, 160 (Miss. 2023); *see also* Doc. # 23-5.  As to the defective indictment claim,  the Mississippi Supreme Court found that the "Legislature did not include a requirement to set forth a direct, overt act in an indictment under the attempted murder statute" such that "Beale's indictment for attempted murder did not require the description of an overt act and was sufficient." *Id.*  at 163.  The Mississippi Supreme Court further agreed with the court of appeals that the jury instruction claim was procedurally barred and, alternatively, without merit as the "instructions did not materially alter the face of the indictment in a way that would

2

prejudice Beale's case." *Id.* at 164. The judgments of the Court of Appeals and trial courts were, therefore, affirmed in an opinion entered on May 18, 2023. *Id.*

On July 10, 2023, Beale, proceeding *pro se*, filed a petition for certiorari in the United States Supreme Court, presenting all three claims as asserted in his direct appeal before the state court of appeals. *See* Doc. # 22-11 at 9-23. The Supreme Court denied Beale's certiorari petition on October 2, 2023. *Beale v. Mississippi*, 144 S.Ct. 245 (2023); *see also* Doc. # 23-6. To date, Beale has not sought post-conviction review in state court.

Beale's initial federal habeas corpus petition was received in the Federal District Court for the Southern District of Mississippi on December 4, 2023. *See* Doc. # 1. The matter was then transferred to this Court on April 22, 2024. Doc. # 10. In his amended petition, Beale raises the following four grounds for relief (as stated by the petitioner):

I. The indictment is defective;

II. The jury instructions constructively amend the indictment;

III. The trial court erred when it allowed the state to introduce hearsay testimony through Officer Hall; and

IV. Ineffective assistance of counsel.

Doc. # 16. Beale concedes that he has not exhausted all claims. *See Id.* at 11. The Court entered an order on May 16, 2024, directing Respondent to answer Beale's petition on or before July 30, 2024. Doc. # 18. Subsequently, on June 25, 2024, Respondent moved to dismiss Beale's petition as unexhausted. Doc. # 23. In response, Beale filed a motion to stay on July 9, 2024. Doc. # 24.

## Discussion

A petitioner must exhaust his available state court remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999). The exhaustion requirement is satisfied when a petitioner has presented his claims to the state's highest court in a

procedurally proper manner and provided the highest state court with a fair opportunity to pass upon the claims. *See Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997); *see also Richardson v. Procunier*, 762 F.2d 429, 430-31 (5th Cir. 1985). If a petitioner fails to exhaust his claims prior to seeking federal habeas relief, his federal habeas petition must ordinarily be dismissed. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *see also Duncan v. Walker*, 533 U.S. 167, 178-79 (2001) ("The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack on that judgment.").

When "a single petition contain[s] some claims that have been exhausted in the state courts and some that have not," it is considered a "mixed" petition. *Rhines v. Weber*, 544 U.S. 269, 271 (2005). The instant petition constitutes a mixed petition—Beale has exhausted Grounds I and II but has not exhausted Grounds III and IV. Beale raised Grounds I and II on direct appeal, on rehearing, *and* in his certiorari petition to the Mississippi Supreme Court, the state's highest court. While Beale did advance Ground III in direct appeal, he abandoned the argument in rehearing and in his state certiorari petition. Moreover, Beale concedes that he has not raised Ground IV (ineffective assistance of counsel) in any filing before the state courts. As such, the Mississippi Supreme Court, the state's highest court, has not yet had an opportunity to address Grounds III (whether the trial court erred when it allowed the state to introduce hearsay testimony through Officer Hall) and IV (ineffective assistance of counsel).

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal courts were required to "dismiss[] mixed petitions without prejudice and allow[] petitioners to return to state court to present unexhausted claims to that court in the first instance." *Rhines*, 544 U.S. at 274. The Supreme Court, however, now recognizes a "stay-and-abeyance" approach to mixed petitions. *Id.* at 276. Under this approach, rather than dismissing the mixed petition,

4

federal district courts may, in limited circumstances, "stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." *Id.* Such a stay is only appropriate if the petitioner shows (1) good cause for his failure to exhaust, (2) his unexhausted claims are not plainly meritless, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 277-78.

In a one-page filing, Beale moves to stay and abey these proceedings presumably so that he may exhaust claims III and IV in state court. *See* Doc. # 24. Beale advances no substantive argument in support of his request. Instead, he merely proclaims generally that "it is not [his] intention to delay" and that "it would be a real miscar[ri]age of justice to overlook [his] argument[s] of error . . . ." *Id.* Beale, therefore, has not demonstrated good cause for his failure to exhaust grounds III and IV, nor has he shown that his claims are not plainly meritless. In sum, Beale falls far short in demonstrating that a stay and abeyance of these proceedings is warranted.

The Court notes that a stay is sometimes appropriate when dismissal of the petition might result in the petitioner losing his opportunity for federal review when a second petition, filed after the claims are fully exhausted in state court, would be time-barred under the AEDPA. *See Rhines*, 544 U.S. at 274-77. But, those circumstances are not presented here. The AEDPA one-year limitation period for began to run on October 2, 2023, when the Supreme Court denied Beale's cert petition. *See* 28 U.S.C. § 2244(d)(1). So, at present, any federal habeas petition is due on or before October 2, 2024.

The filing of a state post-conviction application, however, will toll the federal state of limitations as long as the pleading is pending in state court. *See* 28 U.S.C. § 2244(d)(1) and (2). Beale currently has an "available procedure" under State law through which he can exhaust his claims. *See* 28 U.S.C. § 2254(c). That is, he can satisfy the AEDPA's exhaustion requirement

5

through utilization of the Mississippi Uniform Post-Conviction Collateral Relief Act ("UPCCRA"). *See. E.g.*, Miss. Code Ann. § 99-39-5(2) ("A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the Supreme Court of Mississippi[.]"(exceptions omitted)).

As the Mississippi Supreme Court ruled on Beale's direct appeal on May 18, 2023, a state post-conviction application would be due on or before May 18, 2026. As such, Beale, acting with diligence, has sufficient time to file a state post-conviction application and, if necessary, return to federal court and file a timely habeas petition. To be clear, so long as Beale properly files a state post-conviction application *on or before* October 2, 2024, that filing will toll the federal limitations deadline. Thus, a stay and abeyance is unnecessary to protect Beale's ability to timely file a federal habeas petition after his State remedies are exhausted.

### Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2254 Proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner, and Beale must obtain a COA before appealing this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). Because his petition for writ of habeas corpus is rejected on procedural grounds, Beale must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should not issue in this case.

### Conclusion

Based on the foregoing discussion, the Court finds that Respondent's motion [23] to dismiss should be GRANTED, and the instant petition for a writ of habeas corpus will be

DISMISSED without prejudice for failure to exhaust available state court remedies; and Beale's

motion [24] motion to stay is DENIED.  The Court further DENIES a certificate of appealability.

A separate judgment in accordance with this opinion and order will enter this day.

The Court finds it appropriate to emphasize that Beale must act diligently to avoid missing

the aforementioned filing deadlines.  It bears repeating that a properly-filed state post-conviction

application raising grounds III and IV must be filed in state court *on or before* October 2, 2024, in

order to toll the AEDPA limitations period.  *See* 28 U.S.C. § 2244(d)(1) and (2).  So long as a

properly-filed state post-conviction application is filed *on or before* October 2, 2024, the AEDPA

limitations period will be tolled during the pendency of those state post-conviction proceedings.

Beale is directed to follow the applicable procedures as set forth in Mississippi's UPCCRA, Miss.

Code Ann. §§ 99-39-1 to 99-39-29, in moving for post-conviction relief in state court.

SO ORDERED, this the 22nd day of July, 2024.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE